O’CONNELL, Justice.
The claimant, Joseph P. McLain, sustained a compensable injury to his back on December 10, 1957. After hearing a deputy commissioner entered an order dated August 6, 1959, awarding claimant permanent partial disability benefits in which order the employer and carrier were also directed to “reimburse claimant for all drugs, which can be substantiated as being prescribed by an attending doctor for back injury.”
Thereafter claimant submitted to the carrier two statements, or bills, alleged to be for drugs required to be taken by him for his back injury: One statement, which claimant stated had been paid by himself, was signed by the owner of Reilly’s Pharmacy and was in the form of a sworn statement that claimant had during the months of September, October and November 1959 purchased from said pharmacy “various and sundry drugs * * * for the injury he has sustained to his back” in the approximate amount of $150.00. This document was not itemized. The carrier refused to pay any portion of this statement.
*423 The second statement on the billhead of Reilly’s Pharmacy was in the total sum of $244.00 and was itemized by date, prescription number, and cost of each prescription. The date of the items encompassed the period October 20, 1958 to July 13, 1959. .The carrier paid $27.90 of this statement and refused to pay the remainder thereof.
After the carrier refused payment of the statements on January 5, 1960 a hearing was held at the instance of claimant who sought an order requiring the carrier to pay the remainder of the $244.00 statement and to reimburse him for the sums paid by him under the $150.00 statement.
At this hearing the claimant offered the two statements in evidence and offered his own testimony.
The carrier offered the testimony of Dr. Lyle Russell who had attended the claimant for the injury to his back and who had testified at the hearing at which the disability of claimant had been determined by the order dated August 6, 1959.
Dr. Russell testified that on November 7, 1958 he issued to claimant a prescription for 48 tablets of Darvan, a non-narcotic pain reliever which could only be purchased by prescription. He stated that the prescription could be refilled by verbal order from him to a pharmacist, but that he had not renewed the prescription or authorized it to be refilled.
He further testified that he examined the claimant last on September 11, 1959. The report of that examination was introduced into evidence. He stated that on this examination he felt claimant still had pain but that he was of the opinion that either bufferin, aspirin or anacin would be a sufficient pain reliever. He testified that claimant told him he had been taking three or four Darvan pills per day since he had previously seen him in November 1958.
Claimant testified that the statements in question were for Darvan pills; that these pills had been prescribed by a Dr. Borken; he took six such pills per day; and that he had tried aspirin but it did not relieve the pain in his back.
He also testified that he had had the prescription given him by Dr. Russell refilled by going to a pharmacist who on one occasion called Dr. Russell’s office and talked to the doctor’s secretary. He did not indicate how he had been able to have the prescription refilled or purchase the drug Darvan on the other occasions allegedly included in bills. He testified that Dr. Bor-ken had given him a prescription for the same medication. He did not testify whether he had had this prescription refilled.
The carrier points out that on the hearing on disability Dr. Borken testified that he had prescribed Robaxin, another pain reliever, for claimant, however at the hearing on the bills claimant testified on cross examination that he had never heard of that drug.
The result of this hearing was an order by the deputy directing the carrier to pay the $244.00 bill and to reimburse claimant in the sum of $150.00, the sums paid by him on the second bill. The order further provided that “claimant is not to receive any further medications or prescriptions unless specifically authorized by Dr. Lyle Russell.” The Full Commission affirmed the deputy’s order and the carrier brought this appeal.
It is the contention of the carrier that under the August 6, 1959 order of the deputy it was obligated to pay for or reimburse claimant only for drugs which were “substantiated as being prescribed by an attending doctor for back injury” of the claimant and that the drugs involved in the two bills here in question were not identified, were not shown to have been taken under the direction and supervision of a qualified doctor, and were not shown to be reasonable and necessary.
The claimant answers this contention by saying that the only question involved here *424 is whether there is competent substantial evidence in the record to support the order under attack.
We are forced to conclude that the evidence in the record does not warrant the order requiring the carrier to pay the two bills. This is true irrespective of whether the carrier’s responsibility to pay for such medications be measured by the deputy’s order dated August 6, 1959, or by Sec. 440.-13(1), F.S.A.
If the carrier’s liability be measured by the deputy’s previous order it was necessary that the claimant prove that the drugs were prescribed by an attending doctor.
If measured by Sec. 440.13(1) the duty of the carrier was to furnish claimant such drugs “under the direction and supervision of a qualified physician * * * as the nature of the injury or process of recovery may require.” The statute provides that if the employer refuses to provide such medicines, then the employee may provide them himself at the expense of the employer, it being left to the commission to determine the reasonableness and necessity for the drugs.
The claimant, as we understand the record, does not contend that the carrier ever refused to provide drugs requested of it for there is no evidence to show that he ever made such a request. His claim is based on the refusal of the carrier to pay a bill incurred by him and refusal to reimburse him for sums paid by him as evidenced by the other bill. Thus that part of the statute relating to procedure after a carrier refuses medical treatment is not involved here.
Consequently it seems to us that either under the statute or the deputy’s previous order the carrier was obligated to either furnish, pay for, or reimburse the claimant for only those drugs which were either “prescribed by an attending doctor” or those given “under the direction and supervision of a qualified physician.”
While the proof In this case shows that Dr. Russell on November 7, 1958 issued one prescription for 48 Darvan tablets, and the claimant testified that Dr. Borken also issued one prescription with which he obtained Darvan tablets, there is no evidence to show that the many prescriptions itemized on the bill for $244.00 were either “prescribed by an attending doctor” or were taken “under the direction and supervision of a qualified physician.” The $150.-00 statement is of even less value in support of the claimant’s position.
It is not denied that Darvan was prescribed for the claimant by Dr. Russell, an attending physician, nor is it asserted that claimant did not need a pain relieving drug.
However, the carrier does dispute that the purchase of the many refillings of the prescription and the “various and sundry drugs” alleged to be included in the $150.00 statement were prescribed by a doctor. We agree that the evidence does not show that such prescriptions and purchases were prescribed by a physician. Nor does the evidence justify a finding that the drugs in the quantities purchased were required by the process of recovery or nature of the injury.
The statute and the deputy’s order both clearly assure that the claimant shall be furnished, at the carrier’s expense, all drugs which are necessary in the treatment of his injury. But they do not give the claimant unrestricted authority to obligate the carrier at the will of the claimant. Both the statute and the order provide a protection to the carrier by limiting its responsibility to furnish only those drugs or medicines which are prescribed or given by “an attending” or a “qualified physician.”
This protection applies not only to the type of medicines to be furnished but also to the quantity thereof and the length of *425 time over which it is necessary that they be furnished.
This protective requirement is reasonable. Its effect is to place in the hands of a qualified physician, not in either the carrier or the claimant, the authority to say that such medicines are or are not necessary in the treatment of a claimant.
This requirement puts no bar in the way of a claimant’s having medicines necessitated by a compensable injury, but if he proceeds to obligate himself or attempts to obligate the carrier for such medicines without first obtaining a prescription from or directions of a qualified physician he does so at his peril. Reimbursement for or payment of such items by the carrier should be denied unless it be thereafter proved by the claimant that the kind and quantity of medicines were in fact prescribed by a physician for the treatment of conditions caused by the com-pensable injury.
In this case claimant has failed to prove that the many prescriptions itemized on the $244.00 statement or that the “various and sundry drugs” included in the $150.00 statement were prescribed by and/or taken under the direction either of the attending doctor or of a qualified physician.
Because the evidence reveals that the claimant probably required drugs or medicines for the pain due to his back injury during part or all of the period of time involved herein, we think that a liberal application of the Workmen’s Compensation Act requires that claimant be given another chance to prove that any part or all of the medicines represented by the bills involved herein were in fact prescribed by a physician in treatment of his compensable back injury.
Accordingly the petition for writ of certiorari is granted, the order of the Full Commission is quashed and the cause remanded to the deputy commissioner for further proceedings consistent with this opinion.
THOMAS, C. J., and ROBERTS, DREW and THORNAL, JJ., concur.